IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RONNIE GENE ARNOLD,
            Plaintiff,

vs.                                                         3:06cv487/RV/MD

RON McNESBY, et al
            Defendants.

_____

**ORDER and
REPORT AND RECOMMENDATION**

Plaintiff has filed a civil rights complaint (doc. 1) pursuant to 42 U.S.C. § 1983 and an application to proceed in forma pauperis (doc. 2).  For the limited purpose of dismissal of this complaint, leave to proceed in forma pauperis should be granted.

In his complaint, plaintiff names as defendants Escambia County Sheriff Ron McNesby and Selina Barnes, manager of the records department at the Escambia County Jail, where plaintiff is currently incarcerated.  Plaintiff's claim is that his sentence has been improperly calculated and he seeks release from his allegedly unlawful confinement, and damages for each day served beyond his release date.

Plaintiff's claim regarding his unlawful confinement is not actionable under section 1983 since it is in the nature of habeas corpus.  The Supreme Court stated in *Preiser v. Rodriguez*, 411 U.S. 475, 490, 93 S.Ct. 1827, 1836, 36 L.Ed.2d 439 (1973), that "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983."  Regardless of the label plaintiff may place on the action, any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus claim.  *Prather v. Norman*, 901 F.2d 915, 918-19 n.4 (11th Cir. 1990)

(per curiam); *McKinnis*, 693 F.2d at 1057.  In some circumstances the court would consider converting a § 1983 case to one under § 2254, but this would be premature in this case, as title 28 U.S.C. § 2254(b) requires that before a federal court may consider a petition for writ of habeas corpus, a state prisoner must first present to the state courts for consideration each issue upon which the petitioner seeks review in federal court.  *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971).  It is clear that plaintiff has not yet done this, and therefore, his case must be dismissed.  Dismissal will be without prejudice to plaintiff's reassertion of his damages claim, if his sentence is altered or amended.

Accordingly, it is ORDERED:

For the limited purpose of dismissal of this complaint, plaintiff's application to proceed in forma pauperis (doc. 1) is GRANTED.

And it is respectfully RECOMMENDED:

That this cause of action be dismissed without prejudice.

At Pensacola, Florida, this 3rd day of November, 2006.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).**

*Case No: 3:06cv487/RV/MD*